## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Rosato and | : | |
| Augusto Sciullo, | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 446 C.D. 2022 |
| Allegheny County Health Department | : | Submitted: April 14, 2023 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: October 19, 2023

Michael Rosato and Augusto Sciullo (collectively, Appellants) appeal the March 31, 2022 order (Trial Court Order) of the Court of Common Pleas of Allegheny County (Trial Court). The Trial Court Order affirmed the April 15, 2021 Decision and Order (Department Decision) of the Allegheny County Health Department (Department) determining that the Department met its burden to show that a civil penalty was justified based on Appellants' multiple violations of the Department's Rules and Regulations (Regulations) pertaining to repairs to a rental unit owned by Appellants. Upon review, we affirm.

## I. Background

The facts underlying this matter are straightforward and not in dispute. Appellants collectively own a rental property located at 4913 Sciota Street, Pittsburgh, Allegheny County (Property), which the Department inspected on August 16, 2019.[1] That inspection revealed multiple violations of the Regulations, including an inadequate number of electrical outlets in a second-floor bedroom, a gap in the living room floor, a hole in the kitchen ceiling, a covered radiator, and a missing stair rail (collectively, the Violations).[2, 3] *See* Department Decision at 1,

---

[1] The Property was occupied at the time by Duane Jones (Resident). *See* Trial Court Opinion at 1, Reproduced Record (RR) at 188a.

[2] The parties agreed that the Violations pertaining to the radiator cover and the stair rail were the responsibility of Resident, not Appellants. *See* Department Hearing Officer Decision dated April 15, 2021 (Department Decision) at 3, RR at 22a.

[3] As the Trial Court noted, the Violations concerned Sections 622, 623, 628(A), and 629(A) of Article VI of the Regulations, which provide:

**622. General Structure: Principal Members.**
Every exterior wall, roof and foundation shall be weather tight and watertight. Every floor, wall and ceiling shall be sound and tight. All members of the structure shall be kept in good repair and in safe condition.

**623. General Structure: Stairs and Porches.**
Every inside and outside stairs, every porch and every other appurtenance to the structure shall be so constructed as to be safe for use, shall be kept in sound and good repair. The Director may require that any inside or outside stairways have at least one (1) well-secured handrail, which extend the full length of the stairway, when it is deemed necessary for safe passage.

. . . .

**628. Utilities and Fixtures: Electric Fixtures and Outlets.**
A. Every outlet and fixture shall be properly installed, maintained in good and safe working condition and connected to the source of electric energy in a safe manner. Every habitable room in a dwelling

Reproduced Record (RR) at 20a; *see also* Trial Court Rule 1925 Opinion[4] dated August 16, 2022 (Trial Court Opinion) at 1-2, RR at 188a-89a. The Department conducted follow-up inspections of the Property on September 25, 2019 and November 26, 2019, during which the Department observed that the Violations had not been remedied. *See* Department Decision at 1-2, RR at 20a-21a; Trial Court Opinion at 2, RR at 189a. As a result of the Violations, on January 2, 2020, the Department imposed a civil penalty of $2,500.00 (Penalty). *See* Department Decision at 1-2, RR at 20a-21a; Trial Court Opinion at 3, RR at 190a. Following the imposition of the Penalty and a conference with the Department in March of 2020, Appellants ultimately addressed and corrected the Violations in March of 2020, which corrections the Department confirmed through another inspection

---

> supplied with electric service shall contain at least two (2) separate baseboard or wall type electric convenience outlets or one (1) such convenience outlet and one supplied ceiling or wall type electric light fixtures or any other fixtures or devices as will provide equivalent electric service. All other rooms and every communicating corridor, public hall and stairway shall contain at least one ceiling or wall type electric light fixture or any other fixture or device as will provide equivalent electric service.
>
> . . . .
>
> **629. Utilities and Fixtures: Heating.**
> A. Every dwelling occupied during the heating season shall have heating facilities which are properly installed, maintained in a safe and good working condition, and capable of safely and adequately heating all habitable rooms, rooms containing a toilet, bathtub or shower, communicating corridors within dwelling units, and community corridors within rooming houses from rooming units to rooms containing a toilet, bathtub or shower.

Regulations, Art. VI, §§ 622, 623, 628(A) & 629(A); Trial Court Rule 1925 Opinion dated August 16, 2022 (Trial Court Opinion) at 2-3 n.2, R.R. at 189a-90a.

[4] *See* Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a).

conducted on May 20, 2020.  *See* Department Decision at 2, RR at 21a; Trial Court Opinion at 3, RR at 190a.

Appellants appealed the Penalty on January 30, 2020.[5]  *See* Department Decision at 2, RR at 21a; Trial Court Opinion at 3, RR at 190a.  The Department's Hearing Officer conducted a hearing on October 16, 2020.  *See* Trial Court Opinion at 3, RR at 190a.  The Hearing Officer issued the Department Decision dismissing Appellants' appeals on April 15, 2021.  *See* Trial Court Opinion at 3, RR at 190a; *see also* Department Decision.  On May 13, 2021, Appellants appealed to the Trial Court, which affirmed the Department Decision on March 31, 2022, without taking further evidence.  *See* Trial Court Order; *see also* Trial Court Opinion at 4, RR at 191a.  Appellants timely appealed to this Court.  *See* Trial Court Opinion at 4, RR at 191a.  The parties and Trial Court have complied with Pennsylvania Rule of Appellate Procedure 1925, Pa.R.A.P. 1925, and the matter is now ready for disposition.

## II. Issue

On appeal,[6] Appellants do not challenge the Hearing Officer's finding of guilt as to the Violations.  *See* Appellants' Br. at 4, 8-11.  Appellants challenge only the amount of the Penalty levied as a result of the Violations.  *See id.*  Specifically, Appellants claim that the Department, through its Hearing Officer,

---

[5] Appellants each filed individual appeals of the Penalty, which the Department's Hearing Officer consolidated on January 31, 2020.  *See* Trial Court Opinion at 3, RR at 190a.

[6] "The standard of review in an appeal of a local agency decision, where [as in the instant case] the trial court has taken no additional evidence, is whether constitutional rights have been violated, whether an error of law has been committed, or whether a finding of fact of the agency necessary to support its adjudication is not supported by substantial evidence." *Meyer v. City of Pittsburgh Historic Rev. Comm'n*, 201 A.3d 929, 935 (Pa. Cmwlth. 2019).

4

failed to consider and apply the factors in Article XVI, Section 1605(C) of the Regulations (Penalty Factors) in determining the Penalty amount. *See id.* The Department counters that the Hearing Officer did, in fact, consider and analyze the Penalty Factors in imposing the Penalty. *See* Department Br. at 8-13.

### III. Discussion

Article XVI, Section 1605(C) of the Regulations provides:

> Penalty Determination: In determining the amount of civil penalties to be assessed, the Director shall consider the economic benefit gained by such person by failing to comply with the Article, the willfulness of the violation, the actual and potential harm to the public health, safety and welfare and to the environment, the nature, the frequency and magnitude of the violation, and any other relevant factors.

Regulations Art. XVI, § 1605(C).[7]

We agree with the Trial Court that the Department Decision touched on all these factors in determining the Penalty. *See* Trial Court Opinion at 9-11. First, regarding the economic benefit gained by Appellants as violators, the Hearing Officer discussed Appellant Rosato's testimony wherein he explained that Appellants were aware of the Violations but chose not to make the required repairs because they did not want to spend any money on the Property, which Appellants intended to sell. *See* Department Decision at 6-7, RR 25a-26a. Likewise, Appellant Rosato's testimony regarding his desire to not spend money to remediate the Violations because he intended to sell the Property also evidenced Appellants'

---

[7] We observe that the Regulations allow for a fine of daily $2,500 fine for each continued or repeated violation of the Regulations. *See* Regulations Art. XVI, § 1605(B).

5

willfulness in allowing the Violations to exist and continue. *See* Department Decision at 7, RR 26a. As the Hearing Officer explained:

> The [Department] informed [Appellants] of the [V]iolations at the Property during the inspection on August 16, 2019. The [Department] again informed Appellants of the outstanding [V]iolations a month later during the September 25, 2019 inspection, and then again on November 26, 2019, when the [Department] assessed the [P]enalty. [Appellant] Rosato admitted at the hearing that he received these notices. The evidence clearly indicates Appellants were aware of the violations long before they finally corrected them in March of 2020. Appellants' dilatoriness in repairing the [V]iolations at issue here speaks to willfulness, and justifies the $2500 [P]enalty.

Department Decision at 7 (internal citations omitted), RR at 26a. Further, the Hearing Officer discussed the nature and frequency of the Violations by describing them as "continuing violations present at the Property" that Appellants refused to rectify until more than six months after receiving notice of the Violations. *See* Department Decision at 4-6, RR 23a-25a. Additionally, the Hearing Officer noted the potentially harmful conditions of the Property upon which the Violations were based – holes in ceilings and walls, unshielded heating systems, inadequate electrical systems, and staircases without handrails – in the Department Decision. *See* Department Decision at 1 & 3, RR at 20a & 22a. The potential for harm inherent in these conditions is self-evident. Accordingly, contrary to Appellants' suggestion,

6

the Hearing Officer fully discussed the Penalty Factors set forth in Article XVI, Section 1605(C) of the Regulations in imposing the Penalty.[8]

## IV. Conclusion

For the reasons above, the Trial Court Order is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] We observe that Appellants' subsequent remediation of the Violations after the imposition of the Penalty neither excuses the Violations nor justifies a reduction of the Penalty imposed in response to Appellants' failure to remediate the Violations prior to the imposition of the Penalty.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Rosato and                :
Augusto Sciullo,                 :
          Appellants      :
                           :
        v.                  :
                           :  No. 446 C.D. 2022
Allegheny County Health Department  :

## O R D E R

AND NOW, this 19th day of October, 2023, the March 31, 2022 order of the Court of Common Pleas of Allegheny County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge